**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| In re: | : | **CHAPTER 7** |
| | : | |
| **KYRA JENNIFER GIBSON** | : | **BANKRUPTCY NO. 21-10571 (AMC)** |
| | : | |
| **Debtor** | : | |
| | : | |

**MOTION OF CHRISTINE C. SHUBERT, CHAPTER 7 TRUSTEE,
FOR ENTRY OF AN ORDER AUTHORIZING THE SALE OF A CONSENT
JUDGMENT ENTERED ON NOVEMBER 16, 2022 IN FAVOR OF THE TRUSTEE AND
AGAINST RONALD JEFFREY WASHINGTON, JR. AND ASHLEY ELIZABETH
WASHINGTON FREE AND CLEAR OF ALL LIENS, CLAIMS AND
ENCUMBRANCES PURSUANT TO 11 U.S.C. § 363**

Christine C. Shubert, Chapter 7 Trustee (the "Trustee") for the estate of Kyra Jennifer

Gibson (the "Debtor"), by and through her counsel, Karalis PC, hereby moves this Honorable

Court for entry of an Order authorizing the sale of a Consent Judgment entered on November 16,

2022 in favor of the Trustee and against Ronald Jeffrey Washington, Jr. and Ashley Elizabeth

Washington free and clear of all liens, claims and encumbrances pursuant to 11 U.S.C. § 363 (the

"Motion") and in support thereof, respectfully represents as follows:

I.    **JURISDICTION AND VENUE**

1.    This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334.

2.    Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.    The legal predicates for the relief sought herein are 11 U.S.C. §§ 105 and 363 and

Fed. R. Bankr. P. 6004.

II.    **BACKGROUND**

   **(a)    Procedural Background.**

4.    On March 9, 2021 (the "Petition Date"), the Debtor filed for protection under

Chapter 7 of the Bankruptcy Code.

5.      On March 10, 2021, the Trustee was appointed which appointment remains in effect.

**(b)      The Judgment.**

6.      On November 16, 2022, this Court entered a Consent Judgment in favor of the Trustee and against Ronald Jeffrey Washington, Jr. and Ashley Elizabeth Washington in the matter of *Shubert v. Washington, et al.*, U.S.B.C. E.D.PA, Adversary No. 21-00039(AMC) (the "Judgment"). The Judgment is attached hereto as Exhibit "1" and made a part hereof.

7.      The Judgment has a face value of $25,000.00 and a current value of $21,666.67 as payments in the amount of $3,333.34 were made on account of the Judgment

**(c)      Proposed Sale of the Judgment.**

8.      The Trustee has received an offer to purchase the Judgment from First Capital Properties, LTD (the "Purchaser") for the sum of $2,600.00 (the "Purchase Price"). The Bill of Sale is attached hereto as Exhibit "2" and made a part hereof.

9.      The sale of the Judgment to the Purchaser is only contingent upon Bankruptcy Court approval.

10.     The Judgment is being sold to the Purchaser on an "AS IS, WHERE IS" basis, without any warranty, either expressed or implied, with all defects.

**III.      THE PROPOSED SALE AND RELIEF REQUESTED**

11.     The Trustee desires to sell the Judgment free and clear of all liens, claims, interests and encumbrances.

12.     Pursuant to 11 U.S.C. § 363 and in furtherance of the Trustee's efforts to liquidate the Judgment, the sale of the Judgment must be free and clear of any and all liens, claims, security interests, mortgages, pledges, charges, indentures, loan agreements, options, rights of first refusal,

2

offsets, recoupments, rights of recovery, judgments, orders and decrees of any court or governmental entity, interest, successor, products, tax and other liabilities and claims, of any kind or nature, whether secured or unsecured, choate, or inchoate, filed or unfiled, scheduled or unscheduled, recorded or unrecorded, contingent or noncontingent, liquidated or unliquidated, matured or unmatured, known or unknown (collectively, the "Liens and Claims").

13.     The Liens and Claims shall attach to the proceeds of the sale described herein, to the extent and with the priorities provided under applicable non-bankruptcy law, as such laws may be modified by the Bankruptcy Code.

14.     The Purchase Price shall constitute the highest and best offer that the Trustee has or shall receive and shall constitute a purchase in good faith for fair value within the meaning of Section 363(m) of the Bankruptcy Code and *In re Abbots Dairies of Pennsylvania, Inc.*, 788 F.2d 142 (3rd Cir. 1986).

15.     The sale of the Judgment free and clear of all Liens and Claims is in the best interest of the bankruptcy estate and is necessary in order to allow the Trustee to liquidate the Judgment.

## IV.    THE TRUSTEE HAS COMPLIED WITH 11 U.S.C. § 363

16.     By this Motion, the Trustee seeks the entry of an Order by the Court authorizing the sale of the Judgment free and clear of the Liens and Claims.

17.     Section 363(b) of the Bankruptcy Code authorizes a trustee to sell assets outside of the ordinary course of business.  As a general rule, a trustee must show that each of the following elements have been met before a § 363(b) sale may be approved: (i) that a sound business reason exists for the proposed transaction; (ii) the sale has been proposed in good faith; (iii) the sale price is fair and reasonable; and (iv) that accurate and reasonable notice has been provided of the transaction.  *See, Stroud Ford, Inc.*, 163 B.R. 730 (Bankr. M.D. Pa. 1993).  Here, the proposed

3

sale of the Judgment meets each of these four (4) factors.

(a)    **The Proposed Sale is Supported by Sound Business Reasons.**

18.    Courts have made it clear that a trustee's showing of a sound business justification
need not be exhaustive, but rather a trustee is "simply required to justify the proposed disposition
with sound business reasons." *See*, *In re Baldwin United Corp.*, 43 B.R. 898, 906 (Bankr. S.D.
Ohio 1984).  Whether or not there are sufficient business reasons to justify a sale depends upon
the facts and circumstances of each case.  *See*, *In re Lionel Corp.*, 722 F.2d 1063, 1071 (2d Cir.
1983).  *See also*, *Industrial Valley Refrig. & Air Conditioning Supplies, Inc.*, 77 B.R. 15 (Bankr.
E.D. Pa. 1987) (adopting *Lionel* reasoning).  When considering whether a trustee has demonstrated
a sound business justification for a proposed sale of assets under § 363(b) of the Bankruptcy Code,
a court "should consider all salient factors pertaining to the proceeding." *See*, *Lionel*, 722 F.2d at
1071.  In evaluating these and other pertinent factors, the court should bear in mind that the
overriding goal is "to further the diverse interests of the trustee, creditors and equity holder, alike."
*See*, *Id.*

19.    The Trustee believes, and therefore avers, that there is good and sufficient business
justification for the Trustee to sell the Judgment and is in the best interest of the bankruptcy estate
for this Court to grant the Motion.

20.    Accordingly, as the foregoing discussion demonstrates, the Trustee believes that
the sale of the Judgment is justified by sound business reasons and is necessary to preserve and
maximize the return to the bankruptcy estate.

(b)    **The Sale has been Proposed in Good Faith.**

21.    "The requirement that a purchaser act in good faith . . . speaks to the integrity of his
conduct in the course of the sale proceedings." *See*, *In re Abbotts Dairies Pennsylvania, Inc.*, 788

4

F.2d 143, 147 (3d Cir. 1986). "Typically, the misconduct that would destroy a purchaser's good faith status at a judicial sale involves fraud, collusion between the purchaser and other bidders or the trustee, or an attempt to take grossly unfair advantage of other bidders." *See*, *Id*.

22.    The proposed sale of the Judgment is an arms-length transaction.

23.    The Trustee has no relationship with the Purchaser.

**(c)    The Purchase Price is Fair and Reasonable.**

24.    Pursuant to a Court Order entered on August 16, 2022, the Trustee retained Lane & Nach, P.C. ("L&N") as special collection counsel.

25.    L&N attempted to enforce the Judgment for more than two (2) years.

26.    Thereafter, the Judgment was included in an auction with other bankruptcy assets with notice to over six hundred (600) potential buyers.

27.    The Purchase Price is the highest and best offer received by the Trustee.

28.    The Trustee believes that the Purchase Price is fair and reasonable.

**(d)    Accurate and Reasonable Notice of the Sale will be Provided.**

29.    In accordance with Bankruptcy Rule 6004(f)(1), sales of property outside of the ordinary course of business may be by private or by public auction. *See*, Fed. R. Bankr. P. 6004(f)(1).

30.    Pursuant to Bankruptcy Rule 6004, notice of a proposed use, sale, or lease of Judgment required under Bankruptcy Rule 2002(a)(2) must include the time and place of any public sale, the terms and conditions of any private sale, and the time fixed for filing objections. *See*, Fed. R. Bankr. P. 2002(c)(1). Moreover, notice of a proposed use, sale, or lease of property is sufficient if it generally describes the property.

31.    The Trustee submits that the Notice attached to this Motion meets all of the above

requirements. The Notice describes the Judgment and fixes a deadline for objecting to the same.

**(e)**     **The Requirements of 11 U.S.C. § 363(f).**

32.     Section 363(f) of the Bankruptcy Code provides:

> The trustee may sell Judgment under subsection (b) or (c) of this
> section free and clear of any interest in such Judgment of an entity
> other than the estate, only if –
>
> (1)     applicable nonbankruptcy law permits sale of such Judgment
>            free and clear of such interest;
>
> (2)     such entity consents;
>
> (3)     such interest is a lien and the price at which such Judgment
>            is to be sold is greater than the aggregate value of all liens
>            on such Judgment;
>
> (4)     such interest is in bona fide dispute; or
>
> (5)     such entity could be compelled, in a legal or equitable
>            proceeding, to accept a money satisfaction of such interest.

*See*, 11 U.S.C. § 363(f).

33.     In the case at hand, the Judgment is not encumbered by any lien or security interest.

34.     Thus, the Trustee submits that the sale of the Judgment, free and clear of the Liens

and Claims, satisfies the statutory prerequisites of § 363(f) of the Bankruptcy Code. Accordingly,

the Trustee seeks the entry of an Order authorizing the sale of the Judgment pursuant to § 363 of

the Bankruptcy Code.

**V.     POTENTIAL DISTRIBUTION TO UNSECURED CREDITORS *[THE NUMBERS
        AND   CALCULATIONS   SET   FORTH   BELOW   ARE   ONLY   GOOD   FAITH
        ESTIMATIONS AND ARE SUBJECT TO CHANGE]***

35.     Upon information and belief, the Trustee estimates that she will be able to make a

meaningful distribution to unsecured creditors though the sale of the Judgment.

36.     With the Purchase Price, the Trustee will be holding the approximate sum of

6

$5,800.00.

37.    The unsecured creditor base is in the aggregate amount of $18,064.00

38.    As such, the Trustee believes that she will be able to make a meaningful distribution to general unsecured claims through the sale of the Judgment and other collected assets.

## VI.    CONCLUSION

39.    The Trustee avers that the sale is in the best interest of all of the bankruptcy estate's creditors. The Trustee further avers that the sale satisfies the Bankruptcy Code. The Trustee's Declaration in Support of the Motion is attached hereto as Exhibit "3" and made a part hereof.

**WHEREFORE,** the Trustee respectfully requests that this Honorable Court enter an Order (i) granting the relief requested herein and (ii) providing such other and further relief as this Honorable Court deems just and reasonable.

**Respectfully submitted,**

**KARALIS PC**

By:  /s/ Robert W. Seitzer
ROBERT W. SEITZER
1900 Spruce Street
Philadelphia, PA  19103
(215) 546-4500
rseitzer@karalislaw.com

*Attorneys for the Trustee*

Dated: July 14, 2025