# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: | CHAPTER 7 |
| KYRA JENNIFER GIBSON | BANKRUPTCY NO. 21-10571 (AMC) |
| Debtor | |

## ORDER

**AND NOW,** upon consideration of the Motion of Christine C. Shubert, Chapter 7 Trustee (the "Trustee"), for Entry of an Order Authorizing the Sale of a Consent Judgment Entered on November 16, 2022 in Favor of the Trustee and Against Ronald Jeffrey Washington, Jr. and Ashley Elizabeth Washington Free and Clear of all Liens, Claims and Encumbrances Pursuant to 11 U.S.C. § 363 (the "Motion"), and after notice to creditors and parties in interest; it is hereby **ORDERED** that:

1. The Motion is **GRANTED**.

2. Pursuant to 11 U.S.C. § 363(b) and by the issuance of this Order, the Trustee is authorized and empowered to execute and deliver the necessary documents to transfer and sell the Consent Judgment entered on November 16, 2022 in favor of the Trustee and against Ronald Jeffrey Washington, Jr. and Ashley Elizabeth Washington in the matter of *Shubert v. Washington, et al.*, U.S.B.C. E.D.PA, Adversary No. 21-00039 (AMC) (the "Judgment") to First Capital Properties, LTD (the "Purchaser") for the sum of $2,600.00 (the "Purchase Price") pursuant to the terms and conditions of the Bill of Sale attached to the Motion as Exhibit "1".

3. The Trustee be and hereby is permitted to sell the Judgment to the Purchaser free and clear of any and all liens, claims, security interests, mortgages, pledges, charges, indentures, loan agreements, options, rights of first refusal, offsets, recoupments, rights of recovery, judgments, orders and decrees of any court or governmental entity, interest, successor, products,

tax and other liabilities and claims, of any kind or nature, whether secured or unsecured, choate, or inchoate, filed or unfiled, scheduled or unscheduled, recorded or unrecorded, contingent or noncontingent, liquidated or unliquidated, matured or unmatured, known or unknown (collectively, the "Liens and Claims").

4. The Liens and Claims shall attach to the proceeds of sale described herein, to the extent and with the priorities provided under applicable non-bankruptcy law, as such laws may be modified by the Bankruptcy Code.

5. The Judgment is being sold to the Purchaser on an "AS IS, WHERE IS" basis, without any warranty, either expressed or implied, with all defects.

6. The transfer of the Judgment to the Purchaser constitutes a legal, valid and effective transfer of the Judgment and shall vest the Purchaser with all right, title and interest in and to the Judgment free and clear of all Liens and Claims.

7. The Purchase Price provided by the Purchaser for the Judgment is fair and reasonable. The Purchase Price was negotiated, proposed and entered into without collusion, in good faith and from an arm's length bargaining position "within the meaning of § 363(f) of the Bankruptcy Code and *In re Abbotts Dairies of Pennsylvania, Inc.*, 788 F.2d 142 (3rd Cir. 1986)".

8. The sale transaction contemplated by this Order is undertaken by the Purchaser in good faith, as that term is used in 11 U.S.C. § 363(m), and the Purchaser is entitled to the rights and protections granted thereby.

**BY THE COURT:**

Dated: _____

_____
ASHELY M. CHAN,
CHIEF U.S. BANKRUPTCY JUDGE